# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50081 | **DATE** | 4/23/2003 |
| **CASE TITLE** | Qualls vs. N.I.U., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is granted in part and denied in part and their motion for a more definite statement is granted. All of Qualls' class-related allegations are hereby dismissed. Qualls is given twenty-one days from the date of this order to file a fifth-amended complaint consistent with this opinion.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

(Reserved for use by the Court)
# MEMORANDUM OPINION AND ORDER

Plaintiff, Carl Qualls, proceeds pro se in his three-count fourth-amended complaint against defendants, Northern Illinois University ("NIU"), the NIU Board of Trustees ("BOT"), and ten individual NIU officials or employees. As a former student at NIU, Qualls alleges separate claims under Title VI of the Civil Rights of 1964, 42 U.S.C. § 2000d ("Title VI") (Count I), 42 U.S.C. § 1983 (Counts II-III), and (apparently) supplemental state law tort claims for "gross negligence" and intentional infliction of emotional distress (Count II). Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1343(a)(3), 1367, 1391. Before the court is defendants' motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or, alternatively, motion for a more definite statement under Rule 12(e).

Because they are the easiest to dispose of, the court first takes up Qualls' class action allegations. In his fourth-amended complaint (¶ 42), Qualls requests the court to certify his case as a class action for purposes of providing injunctive relief, presumably under Rule 23(b)(2). He also makes it clear in his response brief he wishes to be designated as the class representative. Given his pro se status, however, this is problematic, as defendants point out in their brief. Virtually every federal court to have addressed the issue has held that a pro se plaintiff, especially one who is not a lawyer, is not an adequate class representative. See Fed. R. Civ. P. 23(a)(4); Fymbo v. State Farm Fire & Cas. Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975); Sherman v. Lane, No. 92 C 2192, 1998 WL 111649, at *2 (N.D. Ill. Mar. 9, 1998); 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1769.1 & n.12 (2d ed. 1986 & Supp. 2003) (collecting other cases). Qualls offers no reason for this court to deviate from this line of authority and, indeed, responds not at all to this issue. For this reason alone the court dismisses all of Qualls' class-related allegations.[1]

Defendants similarly challenge the injunctive relief Qualls requests on his own behalf, like ordering them to implement and publicize "effective racial harassment policies and grievance procedures." Relying chiefly on Filardi v. Loyola University, 97 C 1814, 1998 WL 111683 (N.D. Ill. Mar. 12, 1998), defendants specifically argue Qualls lacks standing to pursue such prospective relief because he is no longer a student at NIU. In Filardi, the court held that the plaintiff, a former student of the defendant university, lacked standing to obtain injunctive relief because (1) she had already graduated from the university, (2) her allegations that she might "some day" return to the university as an alumnus were insufficient under Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), to establish a threat of "imminent and future injury" to her, and, (3) more generally, she had not alleged any facts to show she would continue to be subjected to the same discriminatory conduct she was subjected to as a student. See id. at *3-4. The difference here is that it can at least reasonably be inferred from Qualls' allegations that one of the ways in which defendants violated his constitutional rights was by prematurely dismissing him *before* he could graduate. (Fourth Am. Compl. ¶¶ 47(b), 50, 62) In fact, one of the remedies Qualls requests is "reinstatement to the College of Business." (Id. ¶ 63(a)) Assuming all of his allegations are true, as the court of course must on a Rule 12(b)(6) motion, there is a real and distinct, as opposed to a merely speculative, possibility Qualls could return to NIU as a student. And if he is reinstated as a student, then he most certainly will have standing to pursue his other forms of injunctive relief.

The court also finds Qualls' response brief adequately clarifies the remainder of his complaint, which admittedly is somewhat confusing and vague, so as to not warrant the outright dismissal of any of his claims. It nevertheless will order Qualls to replead his claims to incorporate those clarifications, as well as this court's rulings, so defendants can more readily respond to them in their Rule 8 answer. Although Qualls breaks down his complaint into three counts, the court understands him to be alleging the following claims: (1) a Title VI claim solely against NIU and, what amounts to the same thing, the BOT,[2] for alleged "racial profiling and other forms of campus racial discrimination"[3]; (2) a § 1983 claim against some or all of the individual defendants for both procedural and substantive due process under the Fourteenth Amendment; (3) a § 1983 claim against some or all of the individual defendants for retaliation under the First Amendment; and (4) state law tort claims for "gross negligence" and intentional infliction of emotional distress against some or all of the individual defendants. Because it thus appears Qualls is suing the individual defendants, and not NIU or the BOT, in claims (2) - (4) (as the court has designated them), and because these claims are based on a different set of operative facts than the Title VI claim, defendants' argument that these claims are preempted by the Title VI claim, see Boulahanis v. Board of Regents, 198 F.3d 633, 641 (7th Cir. 1999), cert. denied, 530 U.S. 1284 (2000), is a non-issue. Finally, Defendants argue throughout their motion that Qualls has not alleged enough facts to state a claim under these various theories. After reviewing his complaint, however, the court finds Qualls' allegations are sufficient under Rule 8, though they certainly could be clearer. That said, Qualls needs to do a better job of identifying which of the individual defendants he is suing in claims (2) - (4).

For the reasons stated above, defendants' motion to dismiss is granted in part and denied in part and their motion for a more definite statement is granted. All of Qualls' class-related allegations are hereby dismissed. Qualls is given twenty-one days from the date of this order to file a fifth-amended complaint consistent with this opinion. Specifically, such amended complaint must remove any class-related allegations and clearly and separately identify, by way of subheadings, each type of claim being brought and which defendant(s) are being sued under each claim (e.g., "Title VI – NIU and NIU Board of Trustees" or "Fourteenth Amendment Procedural Due Process – John Doe and Jane Smith" or "First Amendment Retaliation – all individual defendants"). Of course, Qualls is not bound by this court's summary of his complaint if he feels it is inaccurate, but he still must follow this general format. Qualls also should clarify which forms of relief go with which defendants and which claims (naturally there may be some overlap here but Qualls must match them up in some fashion so defendants can more effectively respond to them).

---

[1] A second potential problem with Qualls' proposed class action arises from the fact that he wishes to represent a class of both former and current African-American NIU students. This poses a difficult jurisdictional question: Qualls would not seem to be able to represent a class of *current* NIU students because he was not one himself when he filed suit; at the same time, it makes no sense to certify a class of *former* students purely for prospective relief, which is all that Qualls wants from his class action. See Holmes v. Fisher, 854 F.2d 229, 232-33 (7th Cir. 1988); Chatmon v. Winnebago County, No. 00 C 50084, 2002 WL 424617 (N.D. Ill. Mar. 18, 2002) (Reinhard, J.). Because the parties have not raised the issue, however, the court will not pursue it any further.

[2] Such a claim eliminates any need for Qualls to invoke, as he does in his response brief, the doctrine of Ex Parte Young, 209 U.S. 123 (1908), to obtain the injunctive relief he believes is necessary to remedy the Title VI violation. This is because he may obtain both injunctive relief and money damages directly under Title VI. See Alexander v. Sandoval, 532 U.S. 275, 279 (2001). Besides that, Qualls admits his Title VI claim is solely against NIU *as an institution*. The purpose of Ex Parte Young is to sue *individual state officers* for injunctive relief.

[3] Because Title VI essentially tracks the Equal Protection Clause and prohibits only the sort of intentional discrimination prohibited by the constitution, see Alexander, 532 U.S. at 280-81, it is unnecessary for Qualls to separately identify his Title VI claim as an "Equal Protection" claim.