Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50081 | **DATE** | 2/4/2004 |
| **CASE TITLE** | QUALLS vs. NIU | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
     ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Shur's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | FEB 0 4 2004 | 72 |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 2-4-04 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Carl E. Qualls, pro se, sues the Board of Trustees of Northern Illinois University, and numerous other individual defendants, including George Shur, in a fifth amended complaint, alleging violations of 42 U.S.C. §§ 1983 and 2000d, as well as some state law claims. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343 (a) (3), and 1367. The federal claims against Shur are brought under § 1983. Shur moves to dismiss the claims against him pursuant to Fed. R. Civ. P. 12 (b) (6) for failure to state a claim asserting that the statute of limitations bars any action against him.

Shur was the university's general counsel until his retirement in December 2002. (Compl. ¶14) He is alleged to have violated plaintiff's fourteenth amendment substantive due process rights (Count II), retaliated against plaintiff for exercising his first amendment rights (Count III), intentionally inflicted emotional distress on and been grossly negligent to plaintiff (Count V). Shur argues the allegations of the complaint demonstrate that any unlawful action allegedly taken by Shur falls outside the two year statute of limitations for § 1983 actions.

The complaint does not allege dates on which Shur was supposed to have acted in violation of plaintiff's rights. Shur argues that the complaint sets out facts in chronological order and that it can therefore be inferred that Shur's actions occurred before July 2000 because the allegations concerning him fall between allegations of events occurring in February 1999 and allegations of events occurring in early July 2000. Since Shur was not added as a defendant until February 2003, he maintains the action is untimely.

A 12 (b) (6) motion is only granted when no set of facts could be proven to support the claim. See Phelan v. City of Chicago, 347 F.3d 679, 681 (7th Cir. 2003). Shur's only basis for his motion to dismiss is the expiration of the statute of limitations. While he posits that the court can infer from the complaint that the actionable conduct is alleged to have happened outside the limitations period, plaintiff has not alleged dates which establish this fact. Plaintiff has not, therefore, pled himself out of court on this matter. See McCormick v. City of Chicago, 230 F.3d 319, 325 (7th Cir. 2000). It is possible that facts could be proven showing Shur's conduct occurred within the limitations period. Whether plaintiff is actually able to do so must await another day.

For the foregoing reasons, Shur's motion to dismiss is denied.